IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 31 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00066-BNB

PHILLIP JOHNSON,

    Plaintiff,

v.

BILL OWENS,
JOE ORTIZ,
CATHIE HOLST,
ANTHONY DeCESARO, and
JANE AND JOHN DOE (OF MEDICAL), to be amended,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff Phillip Johnson is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility at Limon, Colorado. Mr. Johnson initiated this action by filing *pro se* a Prisoner Complaint alleging that his constitutional rights have been violated. The court must construe the complaint liberally because Mr. Johnson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Johnson will be ordered to file an amended complaint.

    The court has reviewed the complaint and finds that it is deficient because Mr. Johnson fails to specify against whom each of his claims is asserted and he fails to allege specific facts that demonstrate how each named Defendant personally

participated in the alleged violations of his constitutional rights. Mr. Johnson clearly asserts his first claim, in which he alleges violations of his due process and First Amendment rights, against Defendants Joe Ortiz, Cathie Holst, and Anthony DeCesaro. It is not clear against whom the second and third claims for relief are being asserted. Mr. Johnson does not assert any claims against Defendant Bill Owens or the unnamed Jane and John Doe Defendants. Therefore, Mr. Johnson will be directed to file an amended complaint to correct these deficiencies.

Mr. Johnson is reminded that personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Johnson must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Johnson also must clarify in the amended complaint he will be ordered to file how he has exhausted administrative remedies for each claim that he asserts. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Johnson must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Johnson has not exhausted administrative remedies for all of the claims and issues he raises in this action, the entire complaint must be dismissed.

Mr. Johnson attaches to the complaint copies of a number of administrative grievances he filed regarding medical care. However, the attached grievances either do not demonstrate that Mr. Johnson completed the three-step grievance procedure or do not specify for which claims he completed the three-step grievance procedure. Mr. Johnson has attached step 1 and step 2 grievances bearing grievance number 04/05 - 224, but there is no step 3 grievance with that grievance number. Likewise, Mr. Johnson has attached step 1 and step 2 grievances bearing grievance number 04/05 - 381, but there is no step 3 grievance with that grievance number either. Mr. Johnson does attach an unnumbered step 3 grievance dated June 21, 2005, but without a grievance number the court cannot determine whether he exhausted the grievance procedure. Finally, Mr. Johnson attaches a step 3 response bearing grievance number 04/05 - 49 that states he has exhausted administrative remedies. However, Mr. Johnson does not allege what claims or issues he raised in grievance number 04/05 -

49. As a result Mr. Johnson must clarify how he has exhausted administrative remedies for the claims he raises in this action. Accordingly, it is

ORDERED that Mr. Johnson file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Johnson, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Johnson fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED March 31, 2006, at Denver, Colorado.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00066-BNB

Phillip Johnson
Prisoner No. 61588
Williams Street Center
1776 Williams
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  3-31-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk