IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00066-ZLW

PHILLIP JOHNSON, JR.,

    Plaintiff,

v.

BILL OWENS,
JOE ORTIZ,
CATHIE HOLST,
ANTHONY DeCESARO,
MIKE WALSH (P/A), and
DR. CREANY (Physician),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 18 2006

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Phillip Johnson, Jr., has filed *pro se* on August 8, 2006, a letter to the Court in which he apparently asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on May 16, 2006. The Court must construe the letter liberally because Mr. Johnson is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the letter will be construed liberally as a motion to reconsider. For the reasons stated below, the liberally construed motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Johnson's motion to reconsider in this action, which was filed more than ten days after the Court's May 16, 2006, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice for failure to exhaust administrative remedies because Mr. Johnson failed to demonstrate with specificity how he exhausted administrative remedies for the claims he raised in his amended complaint. In the liberally construed motion to reconsider filed on August 8, 2006, Mr. Johnson alleges that he did exhaust administrative remedies and he attaches a copy of a response he received to an administrative grievance stating that he has exhausted administrative remedies for the issue raised in that grievance.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Johnson fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to vacate the order of dismissal in this action. Even if Mr. Johnson did exhaust administrative remedies for all of his claims, he failed to allege with specificity in his amended complaint how he exhausted administrative remedies despite being directed to do so by the Court. Therefore, the motion to reconsider will be denied. Mr. Johnson is reminded that, because the Court dismissed the action without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the liberally construed motion to reconsider filed on August 8, 2006, is denied.

DATED at Denver, Colorado, this _18_ day of ___Aug.___, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00066-BNB

Phillip Johnson
Prisoner No. 61588
Williams Street Center
1776 Williams
Denver, CO 80205

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  8-18-06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk